## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| WENDELL H. NEIL, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:23-cv-00191-AGF ) |
| FARMINGTON CORRECTIONAL CENTER, | ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This habeas corpus matter is before the Court on petitioner Wendell H. Neil's response to the show cause order issued on March 6, 2024. (ECF No. 4). The Court ordered petitioner to show cause why this petition should not be dismissed as time-barred. Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

### **Background**

Based on his petition, petitioner pled guilty to one count of first degree statutory rape and two counts of first degree statutory sodomy on October 30, 1996.[1] On December 13, 1996, the Circuit Court for the City of St. Louis sentenced him to ten years' imprisonment in the Missouri Department of Corrections. Petitioner did not file a direct appeal or any motions for post-conviction relief. He filed this § 2254 habeas corpus petition nearly twenty-seven years later.

---

[1] The Court was unable to find any record of this crime on the Missouri state court docketing system, Missouri Case.net.

On March 6, 2024, the Court issued a show cause order. Noting that his petition was filed nearly three decades after his sentencing, the Court required him to show cause why his petition should not be dismissed as time-barred.

## Discussion

In his response to the show cause order, petitioner states that on October 30, 2018, he received records from the St. Louis Circuit Court and the St. Louis Children's Hospital. He states that these records are exculpatory in nature, but he was not aware of his ability to file a § 2254 case at that time.[2] It was not until February, 2023, that he was made aware that he could file a writ of habeas corpus pursuant to § 2254. If he had known of his rights to file a § 2254 motion, he would have filed it in 2018.

Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] The Court is not suggesting that the discovery of the medical records would affect the running of the one-year statute of limitations. However, petitioner claims these records were the factual predicate of his claim, and that the statute of limitations of § 2244(d)(1)(D) is applicable. For purposes of this Memorandum and Order, the Court will assume § 2244(d)(1)(D) applies.

Under the AEDPA, petitioner had one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D).[3] Petitioner claims the factual predicate to his petition was the receipt of the court records and medical records on October 30, 2018. Therefore, his petition was due October 30, 2019, but he did not file it until October 20, 2023.

In his response to the show cause order, he states that he was not aware of his ability to file a § 2254 case at the time he received the records. He seems to assert that the time period between October 30, 2018, when he received the records, and February, 2023, when he realized he could file a § 2254 motion, should be equitably tolled for this reason.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50.

The Eighth Circuit has denied equitable tolling in cases of an unrepresented petitioner alleging a lack of legal knowledge and resources. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); *see also Shoemate v. Norris*, 390

---

[3] Section 2244(d)(1)(D) requires a habeas petitioner to exercise due diligence in discovering the factual basis of his habeas claim. *Earl v. Fabian*, 556 F.3d 717 (8th Cir. 2009). For purposes of this ruling, the Court will assume, without deciding, that petitioner exercised due diligence in discovering the factual basis of his claim.

F.3d 595, 598 (8th Cir. 2004) (finding equitable tolling not warranted when petitioner's untimely petition was due to misunderstanding of the procedures for filing state court motion for post-conviction relief); *Preston v. State of Iowa*, 221 F.3d 1343 (8th Cir. 2000) (per curiam); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999). "[P]ro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate*, 390 F.3d at 598.

Similar to these cases, petitioner's four-year delay from the time he received the allegedly exculpatory records to the time he filed this § 2254 habeas motion was caused by his ignorance of the law. Ignorance of the law is not an extraordinary circumstance. His ignorance of the rules and deadlines for filing a § 2254 petition does not justify equitable tolling.

The instant petition has been filed more than twenty-seven years after petitioner's state court judgment of conviction became final. Even if the Court were to assume that discovery of petitioner's victim's medical records started the clock on the running of the one-year statute of limitations, he is still nearly four years late in filing the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody is **DENIED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of May, 2024.

                                                                              */s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE